JOHN ROGERS et al., Appellants, v. REDMOND D. STEPHENS et al., Respondents.

The act of 1874 (Chap. 638, Laws of 1874) " to ratify and confirm certain orders of the county judge of the county of Steuben appointing commissioners to issue bonds," * * * " and to legalize all proceedings under and pursuant to such orders and acts,"is not violative of the constitutional provision (State Const., art. 3, § 16), declaring that " no private or local bill * * * * shall embrace more than one subject, and that shall be expressed in the title." The locality is the territory composing the three towns referred to in the act, and but one subject is considered.
The legislature had power to validate the bonds referred to in the act.

(Argued October 5, 1881; decided October 18, 1881.)

THIS action was brought by plaintiffs, as tax payers of the town of Greenwood, Steuben county, under the act chapter 161, Laws of 1872, to restrain the defendants, who were railroad commissioners appointed by the county judge of that county to issue bonds of the town in aid of the Rochester, Hornellsville and Pine Creek Railroad Company, and the supervisors of said town, to restrain them from taking any steps toward assessing and levying a tax to pay interest coupons upon said bonds, and to have said bonds adjudged to be void. (Reported below, 21 Hun, 441.)

The points presented appear in the following extract from the opinion.

"We do not think that the act of 1874 (Chap. 638 of that year) is unconstitutional in the particular claimed by the appellants. The bill was doubtless a local one, but the locality to which it applied was not necessarily to be circumscribed by the lines of one township. The locality to which it applied was the territory composing the three towns. It was a local bill to have effect upon that separated portion of the State. The object of it was to legalize and validate certain doings in that territory, which, although carried on distinct from each other, had a common aim and purpose. By a miscarriage of some promoters of them, they failed to comply with the law under which they were set on foot, and hence the orders and acts of the judge of the county in which that territory is situated were not efficacious. Now the subject of the bill was to make effective those orders and acts to legalize all proceedings subsequent to them. We think that it is but one subject though made up of several details, and surely the subject is expressed in the title. A different holding would affect many acts analogous in their provisions, so far as they relate to all or several of the towns in a county, which have never been viewed as having more than one subject, though confessedly local. We think that the legislature had the power to validate these bonds. There had been a compliance with the essential requirements of the law. The requisite proportion of the assessable persons and property of the town had given consent in the requisite manner for the bounding of the town for such a railroad as was

in the purview of the statute. The miscarriage was not in essentials. It was in the form in which the existence of the requisite essential facts was presented to the judicial officer who was to pass upon them. It is like a case in which the facts existing form a good cause of action, but the complaint is so lamely drawn as not to set forth one. The consent was so complete, as that the legislature might have authorized the town to issue its bonds upon a consent in that form and substance. It·is intimated in *Horton* v. *Town of Thompson* (71 N. Y. 513, 522), and such is a correct principle, that in such case the legislature may, by subsequent legislation, validate and make effectual the defective action."

*D. Rumsey* for appellants.

*George B. Bradley* for respondents.

*Per curiam* opinion for affirmance.
All concur.
Judgment affirmed.