In the Matter of the Application of the Mayor, Alder-
men and Commonalty of the City of New York,
Relative to Acquiring Title to Lands Required for
Widening and Extending of Elm Street.

The Comptroller of the City of New York et al.,
Appellants; American Express Company, Respondent.

Constitutional law — home rule — determining whether
statute is general or local — claim for award in street opening
proceeding barred by Statute of Limitations — chapter 602 of
Laws of 1925 authorizing resubmission and payment of claim
violative of Home Rule provision of Constitution.

1. In determining whether a statute is violative of section 2 of
article 12 of the State Constitution courts must inquire not only
whether it is general or local in its terms but also whether it is general
or local in its effect.  Approximately the principle of division is that
if the class in its formation is so unnatural and wayward that only
by the rarest coincidence can the range of its extension include more
than one locality, and at best but two or three, the act so hedged and
circumscribed is local in effect.  If the same limits are apparent
upon the face of the act, unaided by extrinsic evidence, or are so
notorious or obvious as to be the subject of judicial notice, it is also
local in its terms.

2. Chapter 602 of the Laws of 1925, providing that " where an award
for damages has been made and confirmed by the Supreme Court in
condemnation proceedings to acquire title in fee to real property for
the purpose of opening, widening or extending a street in any city
and said award has not been paid, but within one year last past has
been adjudged by the courts of this State to have been barred by any
Statute of Limitations, a claim for the payment of such award may be
again presented and settled and paid, or if not so settled and paid may
again be prosecuted and enforced," is violative of section 2 of article
12 of the State Constitution.  Though the act is general to the extent
that it applies to any city where the prescribed conditions are fulfilled,
the conditions are so circumscribed and narrow that the class subjected
to the statute is one in name and nothing else.

*Matter of Mayor, etc., of New York (Elm St.),* 218 App. Div. 765,
reversed.

(Argued June 1, 1927; decided July 20, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 26, 1926, which unanimously affirmed an order of Special Term granting an application to compel payment of an award.

*George P. Nicholson, Corporation Counsel (Joel J. Squier* and *William B. R. Faber* of counsel), for appellants. Chapter 602, Laws of 1925, is unconstitutional, because in violation of sections 2, 3 and 7 of article XII of the State Constitution. (*People ex rel. Purdy* v. *Comrs. of Highways of Marlborough,* 54 N. Y. 276; *Rumsey* v. *N. Y. & N. E. R. R. Co.,* 130 N. Y. 88; *Schieffelin* v. *Mills,* 241 N. Y. 96; *Matter of New York Elevated R. R. Co.,* 70 N. Y. 327; *Ferguson* v. *Ross,* 126 N. Y. 459; *Hermitage Co.* v. *Goldfogle,* 204 App. Div. 710; 236 N. Y. 554; *Browne* v. *City of New York,* 125 Misc. Rep. 1; *Schieffelin* v. *Kelliher,* 125 Misc. Rep. 305; 215 App. Div. 770; *Schieffelin* v. *McLaughlin,* 215 N. Y. Supp. 209; *Matter of Henneberger,* 155 N. Y. 420; *Matter of Pell,* 171 N. Y. 48; *People ex rel. Bolton* v. *Albertson,* 55 N. Y. 50.)

*Litchfield F. Moynahan* for respondent. Chapter 602 of the Laws of 1925 is a valid enactment under sections 2, 3 and 7 of article XII of the State Constitution. (*People* v. *Albertson,* 55 N. Y. 50; *Matter of Henneberger,* 155 N. Y. 420; *Kittinger* v. *Buffalo Traction Co.,* 160 N. Y. 377; *Kohl* v. *United States,* 91 U. S. 367; *Sage* v. *Brooklyn,* 89 N. Y. 189; *McAneny* v. *Board of Estimate,* 232 N. Y. 337; *Matter of Church,* 92 N. Y. 1; *Matter of N. Y. El. R. R. Co.,* 70 N. Y. 328; *Matter of Dobson,* 146 N. Y. 357; *Matter of N. Y. & L. I. Bridge Co.,* 148 N. Y. 540; *People* v. *Dunn,* 157 N. Y. 528.)

CARDOZO, Ch. J. In the year 1898 Commissioners of Estimate and Assessment made an award of $36,266 in favor of the American Express Company in proceedings for the widening of Elm street in the city of New York.

In February, 1899, the Comptroller drew a voucher in

favor of the Express Company for $40,122.28, the amount of the award with interest from the date of the vesting of title to the date of the voucher (L. 1897, ch. 641, sec. 2).

For some unexplained reason, the Express Company failed to call for this voucher, and for many years it was carried on the Comptroller's books as a warrant outstanding against the city of New York.

In 1921 (twenty-three years after the award) the Express Company awoke from its lethargy ·and made demand for payment.  Upon the city's refusal to comply with the demand, a proceeding to enforce payment was begun, and thereafter carried to this court (239 N. Y. 220).  We held, reversing the ruling in the court below, that under Civil Practice Act (§ 44) there was a conclusive presumption after twenty years that the award has been paid.  The opinion pointed out that the city authorities were not at liberty to waive the defense of the statutory bar, however harsh the result.  " Relief must be sought elsewhere."  The claimant was not slow to look for aid in other quarters.  Our decision was rendered in December, 1924.  In April, 1925, the Legislature passed an act (L. 1925, ch. 602), which reads as follows:

" AN ACT in relation to the presentation, payment or enforcement of certain awards against cities for damages in condemnation proceedings.

, " Became a law April 11, 1925, with the approval of the Governor. Passed, three-fifths being present.

" *The People of the State of New York, represented in Senate and Assembly, do enact as follows:*

" Section 1.  Where an award for damages has .been made and confirmed by the Supreme Court in condemnation proceedings to acquire title in fee to real property for the purpose of opening, widening or extending a street in any city and said award has not been paid, but within one year last past has been adjudged by the courts of· this state to have been barred by any statute

of limitations, a claim for the payment of such award may be again presented and settled and paid, or if not so settled and paid may again be prosecuted and enforced by an action or proceeding in the courts of this state in the same manner as if the same had not been barred by any statute of limitations, and notwithstanding the fact the same was heretofore barred by such statute, provided that such claim be again presented to the proper officer of the city and paid within six months, or if not so settled and paid that an action or proceeding be commenced thereon within one year from the date of the passage of this act.

" § 2. This act shall take effect immediately."

The claimant upon the passage of this act renewed its demand, and meeting again with a refusal, began this proceeding, which has been determined in its favor in both the courts below.

We think the act of 1925 was passed in violation of the restrictions imposed by section 2 of article XII of the Constitution of the State.

By that section it is provided: " The Legislature shall not pass any law relating to the property, affairs or government of cities, which shall be special or local either in its terms or in its effect, but shall act in relation to the property, affairs or government of any city only by general laws which shall in terms and in effect apply alike to all cities except on message from the governor declaring that an emergency exists and the concurrent action of two-thirds of the members of each house of the Legislature."

This act was not passed upon an emergency message or by the concurrent action of two-thirds of each house. The question is whether it is special or local in terms or in effect.

The section quoted is part of the Home Rule article or amendment of the Constitution of the State which took effect as law on January 1, 1924. Up to that time, the distinction between special or local laws on the one

hand and general laws on the other was directed to the form of the enactment rather than to its substance. If the act by its terms was applicable to a class, it did not cease to be general though the fact would appear, if extrinsic evidence were received, that it was local in effect (*Matter of N. Y. El. R. R. Co.*, 70 N. Y. 327; *Matter of Church*, 92 N. Y. 1, 5; *People* v. *Dunn*, 157 N. Y. 528, 540; *Kittinger* v. *Buffalo Traction Co.*, 160 N. Y. 377, 395). Even then there was a point beyond which evasion was not suffered. Identifying tokens might be so many and particular that classification would find an end and designation a beginning (*Matter of Henneberger*, 155 N. Y. 420). There was here in this exception the germ of a doctrine more adapted to realities. As time went on, however, the exception was so narrowed by distinctions that it became of negligible value. The provisions of the Constitution distinguishing between special acts and general were in much the same pass as was the Statute of Uses (27 Henry VIII, ch. 10) after the decision in *Tyrrel's Case* (Dyer, 155) had opened the door to the development of trusts through the ingenuity of the Chancellors. Little had been accomplished beyond the addition of a phrase to the rigmarole of parchments (HARDWICKE, L. C., in *Hopkins* v. *Hopkins*, 1 Atk. 581, 591; Williams, Real Property [24th ed.], pp. 59, 60, 61; 2 Washburn, Real Prop. [4th ed.] p. 406, bk. 2, ch. 2, § 2; p. 460, bk. 2, ch. 3, § 9).

The Home Rule amendment established a new test. We are no longer confined to the inquiry whether an act is general or local " in its terms." We must go farther and inquire whether it is general or local " in its effect." Home Rule for cities, adopted by the people with much ado and after many years of agitation, will be another Statute of Uses, a form of words and little else, if the courts in applying the new tests shall ignore the new spirit that dictated their adoption. The municipality is to be protected in its autonomy against the inroads of evasion.

In the setting of this background the validity of the act of 1925 (L. 1925, ch. 602) is to be considered and determined.

The act is general " in its terms " to the extent that it applies to any city where the prescribed conditions are fulfilled. It is general to that extent " in its effect." Even so, the question remains whether the conditions are so circumscribed and narrow that the class subjected to the statute is one in name and nothing else. The act is not drawn as an amendment of section 44 of the Civil Practice Act. The presumption of payment established by that section is not abolished or modified in its application to every one. It is not changed in its application to all cases where a city is the debtor. It is not even changed in all cases in which a city has been charged with an award for the value of land taken by right of eminent domain. It is changed in respect of one class of awards only, awards for opening, widening and extending a street. But even in this special class of proceedings, the scope of the exemption is whittled down again. It is not enough that the enforcement of the award has been barred by limitation; a " judgment " declaring it barred must have been rendered by the courts. It is not enough that such a judgment has been rendered; it must have been rendered " within one year last past." A claim upon an award might have been barred by the delay of a single day beyond the statutory term. There would be no revival of its life unless the bar had been adjudged within the year. It might have been barred under a judgment rendered a day earlier than the year, or a day later. There would be no revival then. Out of all time, past and future, a single year is selected. Any award then condemned by the courts is to be revived though the award itself be a century old. Anything not condemned within that lucky year, that " *annus mirabilis*," is to be governed by existing law.

We close our eyes to realities if we do not see in this

act the marks of legislation that is special and local in terms and in effect.   This group of conditions so unusual and particular is precisely fitted to the claimant's case, and only by a most singular coincidence could be fitted to any other.  If we may not say of such a coincidence that it is literally impossible, at least we may say that one would be surprising, and several would be marvelous. An act is not general when the class established by its provisions is at once so narrow and so arbitrary that duplication of its content is to be ranked as an unexpected freak of chance, a turn of the wheel of fortune defying probabilities.   Even before the Home Rule amendment, the framers of a statute did not save it from being local by making it apply to two or three cities instead of one (*People ex rel. Clauson* v. *Newburgh, etc., Plank Rd. Co.,* 86 N. Y. 1, 7).   Something more than this was involved, even then, in the notion of generality.   What was true in those days is yet more plainly true to-day.  " The marks of distinction on which the classification is founded must be such, in the nature of things, as will, in some reasonable degree at least, account for or justify " the grouping — justify it, in other words, as based upon something better than arbitrary preference (*People ex rel. Richards* v. *Hammer,* 42 N. J. L. 435, 440; cf. *Alexander* v. *City of Elizabeth,* 56 N. J. L. 71, 79, 80; *Van Riper* v. *Parsons,* 40 N. J. L. 1, 123; *Town of Longview* v. *City of Crawfordsville,* 164 Ind. 117, 121, 122).   Futile is the endeavor to mark the principle of division with the precision or binding force of a codifying statute.   Any statement attempted will need to be shaded down or enlarged to meet the exigencies of particular instances as hereafter they develop.  Roughly speaking, however, the principle of division, considered merely for the purpose of a working approximation, may be stated to be this: If the class in its formation is so unnatural and wayward that only by the rarest coincidence can the range of its extension include more than one locality, and at best but

two or three, the act so hedged and circumscribed is local in effect. If the same limits are apparent upon the face of the act, unaided by extrinsic evidence, or are so notorious or obvious as to be the subject of judicial notice, it is also local in its terms.

The statute now before us does not survive these tests. All the stigmata of arbitrary selection, of forced and unnatural classification, appear upon its face. By its terms a new burden has been laid, not upon cities generally, despite its pretense of generality, but upon one city or a few. A misshapen congeries of accidents has been made to masquerade under the semblance of a class.

The order of the Appellate Division and that of the Special Term should be reversed and the application denied, with costs in all courts.

POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., absent.

Ordered accordingly.