810

EDWARD P. HOLLAND, Petitioner, *v.* PAUL A. BANKSON, as City Manager of the City of New Rochelle and Acting Director of the Department of Public Safety, and Others, Respondents.*

Supreme Court, Westchester County, March 30, 1942.

* Affd., 264 App. Div. 896.   See, also, *Matter of Douglas* v. *Foley*, 178 Misc. 767.

*Morris Golub,* for the petitioner.

*Aaron Simmons,* for the respondents.

PATTERSON, J. This is a proceeding under article 78 of the Civil Practice Act to compel the respondents to put into effect, for the purpose of the New Rochelle fire department, the provisions of chapter 626 of the Laws of 1941, which act regulates the tours of duty and days and hours off duty of the personnel of the fire departments of the various cities of the State. In April, 1941, the Legislature enacted chapter 626 of the Laws of 1941, commonly known as the "Hampton Act," which act was entitled, "An Act to promote the health and efficiency of firemen in the cities of the State." It took effect, by its terms, on January 1, 1942.

There is no dispute about the basic facts. It is conceded that the respondents have refused to comply with the directions of the act and have continued the schedule of tours and hours of the members of the personnel of the fire department which was in effect in former years. Concededly, the members of the department are required to work longer hours than those prescribed by the act.

The principal benefits granted firemen by the act are:

(1) They are not to be compelled to work more than sixty hours per week when on day duty, or more than eighty-four hours per week when on night duty.

(2) They are entitled to one twenty-four-hour day off duty in each week, in addition to the platoon tours off duty.

At present the firemen are divided into two platoons which change shifts from day duty to night duty and vice versa every third day. There are no days off duty. The petitioner alleges that each fireman works during some portion of every day of the year, but that can hardly be literally true because I assume they get an annual vacation.

It is further shown that each member of the department is on duty from eighty to eighty-eight hours a week and averages eighty-four hours a week throughout the year.

The answer alleges three affirmative defenses, in substance, as follows:

(1) That the Hampton Act does not apply alike to all cities; that the city of New Rochelle enacted a local law in February,

1942, fixing the tours of duty of New Rochelle firemen; that the matter is one relating to the affairs of the city within the City Home Rule Law; and that the adoption of the system prescribed by the Hampton Act would entail additional expense to the city which is not provided for in the budget.

(2) That the statute violates the City Home Rule provisions of the Constitution.

(3) That by reason of certain provisions of the present and former charters of the city of New Rochelle, the fire department of that city comes within the exceptions specified in section 2 of the Hampton Act.

The first and most important question to be determined is whether the Hampton Act, by its terms and its effect, is a general law or a local law. If it is general, then I think the petitioner has sustained his right to the relief sought. The act provides, *inter alia*, " The fire commissioner, the chief of the fire department or other officer or officers having the management, control or direction of the fire department of any city in the State shall divide the captains, lieutenants, engineers and firemen of such departments into two platoons," and then section 2 of said act provides " The provisions of this act shall not repeal, affect or impair the provisions of chapter nine hundred and forty-six of the laws of nineteen hundred and thirty-six (this is an Act which applies to the Fire Department of the City of New York) or any other law, general, special or local relating to tours of duty and days or hours off duty of firemen in any city."

It must be conceded that the act, at least, attempted to have it apply to the cities generally of the State. It is conceded that the law does not apply to all of the cities of the State, but I think, nevertheless, it can be general and not a local act. The fact that some cities of the State come within the exceptions specified in section 2 does not deprive the statute of its character as a general law. I think that was made clear in *Matter of Mayor, etc., of New York (Elm St.)* (246 N. Y. 72) by adopting the converse reasoning. There the court said in effect if a statute affects only one city or two or three, it is local. The converse of this must hold true, namely, if it affects a large number of cities it is general.

The answer named some eighteen cities in which it is claimed the Hampton Act does not apply, but those cities may well have adopted special or local laws prior to the adoption of the Hampton Act which makes clear exceptions therefor by providing " The provisions of the act shall not repeal, affect or impair the provisions * * * of any other law, general, special or local.

relating to tours of duty and days or hours off duty of firemen in any city."

To give any force or effect to the section it must be assumed that the Legislature intended when it refers to local laws to mean local laws "hereinbefore enacted," otherwise it would be well-nigh meaningless.

In *Ferguson* v. *Ross* (126 N. Y. 459) the court said: "Anothe rule evolved by the discussion of the subject is that an act embracing within its scope all the cities of the State, or all things of a certain class, is a general and not a local act * * *."

As Chief Judge CARDOZO wrote in *Matter of Mayor, etc., of New York (supra)*, "We are no longer confined to the inquiry whether an act is general or local 'in its terms.' We must go farther and inquire whether it is general or local 'in its effect.'"

The Constitution provides that "The legislature shall act in relation to the property, affairs or government of any city only by general laws which shall in terms and in effect apply alike to all cities, except upon the request of the mayor of the city affected concurred in by the local legislative body or upon the request of two-thirds of the elected members of the local legislative body declaring that a necessity exists and reciting the facts establishing such necessity and the concurrent action of two-thirds of the members of each house of the legislature." (State Const. art. IX, § 11.)

Concededly, the act was not passed upon a necessity message or by the concurrent acts of two-thirds of each House. The question, therefore, resolves itself as to whether it is special or local in terms or effect. I think it is general in terms and effect.

If it is general, then it cannot be superseded by local legislation. No municipality has the power to supersede state-wide law by local legislation. This rule was recently annunciated in *People* v. *County of Westchester* (282 N. Y. 224), where the court said, "This must be construed as a general grant of local administrative power and not as authority permitting the abrogation of a general State law * * *."

And again in *County Securities, Inc.*, v. *Seacord* (278 N. Y. 34), wherein the court said "A law which affects the State at large is not subject to change by a local law although the State law may affect a city in its 'property, affairs or government.'"

The respondents lean heavily on *Bareham* v. *City of Rochester* (246 N. Y. 140) to support their contention that unless a statute enacted by the Legislature applies to every city in the State without exception, it is not a general law and may be superseded by local legislation. I think the comments in the opinion there upon the

power of the State to supersede a statute not applicable to every city in the State is merely *dicta*, because there is ample evidence in other decisions of the court that it never intended to hold that a statute is local if a single city is excepted from its provisions. For instance, *Matter of Mayor, etc., of New York (supra)*.

On February 2, 1942, one month after the Hampton Act became effective, the council of the city of New Rochelle adopted a local law purporting to continue the pre-existing regulations as to the working hours of the members of its fire department. The enactment of the local law as an attempt to supersede the statute which was already in effect was an admission by the respondents that no law existed previously, sufficient to exempt the city of New Rochelle from the binding effect of the Hampton Act.

The Constitution authorizes the Legislature to adopt laws concerning the property, affairs or government of cities by one of two methods:

(1) By general laws, or

(2) By local laws adopted upon the request of the mayor or local legislative body.

Hence, it is obvious that a law, general in form and effect, may be validily adopted without the request or concurrence of the local officials.

If the Hampton Act is a general law then its enactment was within the powers expressly reserved to the Legislature by the home rule provisions of the Constitution. This was so held in *Matter of Osborne* v. *Cohen* (272 N. Y. 55). That case dealt with the statute establishing a three platoon system of the fire department of the city of New York. That statute was held invalid as a special law applicable only to the city of New York, but the court pointed out that it would have been immune from successful attack had it been general in terms and in effect.

A further defense of the respondents is that, pursuant to the charter of the city, the board of fire commissioners adopted rules and regulations dividing the tours of paid firemen into two shifts and regulating the tours and hours of duty. Thereby, they seek to establish that there was extant at the time of the enactment of the Hampton Act a law relating to the power, days or hours off duty of firemen in the city.

The rules and regulations adopted by an administrative body are not laws. Granted they were adopted pursuant to authority vested in a fire commissioner by the charter, still they were nothing more than regulatory. A law can be enacted only by a legislative body. Of course, that does not limit it to the State Legislature.

Laws may also be enacted in certain cases by the local legislative bodies of the various divisions of the State, but the law-making power rests only in the legislative branch of the State or its local subdivisions, but never in executive officers or administrative boards. Any attempt to vest the board of fire commissioners with the power to enact laws would have been a wrongful delegation of legislative functions.

Finally, the defense is advanced that the adoption of the new system as prescribed by the Hampton Act will cost the city of New Rochelle considerable additional money and there is no provision in the budget to meet the same. It is unquestionably true that to comply with the Hampton Act will impose a considerable additional burden upon the taxpayers, but that cannot be taken into consideration in a discussion of the legality of the act. Undoubtedly, its enactment was the result of a persistent and well-organized minority group seeking to serve its own peculiar interests, whereas the opposition to it was largely inarticulate and disorganized. The taxpayers seldom have vigilant sentinels on the ramparts to guard their interests against this kind of legislation, but it is too late to complain of the burden of additional taxes after it becomes a law.

It is my opinion that the defenses alleged in the answer should be stricken out and the prayer of the petitioner granted.