In the Matter of the Application of HAROLD DOUGLAS, Individually and as President of the Uniformed Firemen's Benevolent Association, White Plains, N. Y., Petitioner, for an Order, etc., against THOMAS F. FOLEY, as Commissioner of Public Safety of the City of White Plains, N. Y., Respondent.

Supreme Court, Special Term, Westchester County, July 2, 1942.

*Francis R. Doherty*, for the petitioner.

*William R. Condit, Corporation Counsel* [*Samuel Faile* of counsel], for the respondent.

ALDRICH, J. This is an application to require the respondent, Thomas F. Foley, as commissioner of public safety of the city of White Plains, to comply with all the provisions of chapter 626 of the Laws of 1941, generally known as the Hampton Act, relating to the tours of duty and days or hours off duty of firemen. The respondent pleads various defenses. *First*, there is a plea of a local law adopted by the city of White Plains on December 29, 1941, which is claimed to supersede chapter 626 of the Laws of 1941. *Second*, there is the plea of a provision of chapter 356 of the Laws of 1915, being the charter of the city of White Plains, which confers upon the commissioner of public safety the power to make rules and regulations, approved by the common council in regard to the government administration, disposition and discipline of the fire department. *Third*, there is a plea that chapter 626 of the Laws of 1941 is unconstitutional because in violation of the Home Rule provision of the State Constitution. *Fourth*, there is a plea of the lack of funds available in the city of White Plains to carry out the provisions of the act in question. The petitioner, by a separate notice of motion, has moved to strike out the answer upon the ground that each separate defense contained therein is insufficient in law upon the face thereof, and granting to the petitioner the relief prayed for in the petition.

The Hampton Act came before the Special Term in a similar proceeding affecting the city of New Rochelle. In that proceeding the city contended that the Hampton Act was unconstitutional, that the city was excepted from the provisions of the act by certain provisions of the city charter and the rules and regulations adopted thereunder by the board of fire commissioners, and that there was no provision in the budget of the city for the compliance with this statute, and that the city was further protected in its existing procedure by a local law adopted by the city on February 2, 1942. Mr. Justice PATTERSON, in an opinion (*Holland* v. *Bankson*, 178 Misc. 810) overruled all of these contentions of the city of New Rochelle and granted the relief sought by the petitioner. The Appellate Division in this department on June 29, 1942, unanimously affirmed (264 App. Div. 896) the decision of Mr. Justice PATTERSON in *Holland* v. *Bankson* (*supra*). No opinion was written. In many respects the pending application is precisely the same as *Holland* v. *Bankson* (*supra*). In one respect this proceeding is different. The Hampton Act provided by its terms that it should become effective on January 1, 1942. In the city of New Rochelle case the local law relied on by the city was adopted after that date. In the present case the local law relied on by the city of White Plains was adopted on December 29, 1941. The

reasoning of the city here is that the local law in question is saved by section two of the Hampton Act which provides as follows: " § 2. The provisions of this act shall not repeal, affect or impair the provisions of chapter nine hundred and forty-six of the laws of nineteen hundred thirty-six or any other law, general, special or local, relating to tours of duty and days or hours off duty of firemen in any city." The argument of the city appears to be that either this saving section (1) is a grant of authority to the city to adopt a local city law which shall supersede the Hampton Act, or (2) that such local law may be adopted by the city to supersede the Hampton Act under the provisions of the City Home Rule Law, or (3) that the local law adopted by the city on December 29, 1941, before the effective date of the Hampton Act is saved and protected thereby. The decision in *Holland* v. *Bankson* (*supra*), so far as it is applicable to the present case, represents the law so far as this Special Term is concerned. It is the duty of this court to follow that decision so far as it is decisive of the pending application. That decision certainly upholds the constitutionality of the law. It necessarily included a determination that the referred-to provisions of the city charter and rules and regulations of the board of fire commissioners did not except the city of New Rochelle from compliance with the act. It is equally a determination that the saving clause above quoted is not a grant of power to a city thereafter to adopt a local law to supersede the act. It is also a determination that the right of the city to supersede the act by a local law adopted by the city does not exist by virtue of the City Home Rule Law. There is left here for decision only the question whether the adoption of the local law by the city of White Plains before the effective date of the Hampton Act creates a substantial difference from the situation presented in the *Holland* v. *Bankson* case (*supra*). The argument of the city is that the local law here was adopted on December 29, 1941, before the Hampton Act became effective by the terms thereof and that it is, therefore, protected by the saving clause. The reasoning by the city is that a law speaks from its effective date and that the saving clause is to be considered to be speaking from January 1, 1942, that the local law of the city was passed and adopted before that date and is, consequently, excepted and saved from the general provisions of the act of the Legislature. This is the only question which remains for determination here.

In the opinion of this court the local law adopted by the city of White Plains does not have the effect claimed by the city. The quoted section saves only laws passed by the Legislature and not laws passed by the city, whether before or after the effective date of the State statute (Laws of 1941, chap. 626). The quoted section

says, first, " the provisions of this act shall not repeal, affect or impair the provisions of chapter nine hundred and forty-six of the laws of nineteen hundred thirty-six." That chapter so referred to was an act of the Legislature and to that extent certainly the quoted section had reference only to an act of the Legislature. Then follow the words " or any other law." Such words standing alone would certainly have reference merely to acts of the Legislature. Then follow the words " general, special or local." The word " general " certainly has reference only to acts of the Legislature. The word " special " has the same import. Local laws adopted by a city have never been customarily referred to as either " general " or " special." So far there would seem to be no doubt that the saving clause refers to acts of the Legislature. The word " local " which then follows does not have any other signification. This is clear from a consideration of previous legislative and judicial history. The words " general " and " special," as applied to legislation affecting cities, were specifically defined by the State Constitution of 1894, prior to January 1, 1924, during the period when cities were classified according to population. Cities were divided into three classes (State Const. art. XII, § 2). General city laws were those " which relate to all the cities of one or more classes." Special city laws were those " which relate to a single city, or to less than all the cities of a class." The same Constitution provided for certain cases in which the Legislature should not pass a private or local bill (art. III, § 18). The Constitution then provided, as now, that no private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title (art. III, § 16). The Home Rule amendment of 1923, relating to legislative action with respect to cities, provided that the Legislature should not pass " any law " relating to the property, affairs or government of cities, which shall be special or " local," either in its terms or in its effect (State Const. art. XII, § 2). We thus see that the Constitution in various places throughout the years has used the word " law " as referring to an act of the Legislature and has used the word " local " in the same manner. The books are full of discussions as to what is a " local " law of the Legislature. One recent discussion is in Volume 1 of McKinney's Consolidated Laws entitled " Statutes " (see § 32 et seq.). That authority also lays down the rule, citing cases, that where words of specific or inevitable purport are followed by words of general import the application of the last phrase is generally confined to the subject-matter disclosed in the phrases with which it is connected (1 McKinney's Consolidated Laws, § 239, p. 305). In *Kerrigan* v. *Force* (68 N. Y. 381, 383, citing 43 N. Y. 10) the

Court of Appeals, referring to an act relating to Kings county, described it as " local " act. In *People* v. *O'Brien* (38 N. Y. 193) Judge GROVER defined a local act of the Legislature as one ". confined in its operation to the property and persons of a specified locality." In *Rogers* v. *Stephens* (86 N. Y. 623), in the quoted part of the opinion, the court referred to an act of the Legislature then in question as a " local " one, etc. In *People ex rel. Purdy* v. *Fitch* (147 N. Y. 355, 359) the court referred to an act of the Legislature as undoubtedly " local." Many other cases of a similar nature might be cited in which city legislation passed by the Legislature has been described as " local." Also, the Legislature itself has used similar language in referring to acts of the Legislature. Section 130 of the Election Law, which went into that law in 1922, prior to the Home Rule amendment, provides " but this article shall not repeal nor affect the provisions of a statute, general or local, prescribing a particular method of making nominations of candidates for certain school or city offices." In construing that section, in *Bareham* v. *City of Rochester* (246 N. Y. 140), the Court of Appeals apparently considered the reservation in the light of acts of the Legislature, citing several acts as indicating the exceptions. Section 95 of the Tax Law provides: " This article shall apply to all the cities or towns of the State, in so far as the matters herein provided for do not conflict with the special and local laws of such cities or towns." This section in that form went into the Tax Law by chapter 489 of the Laws of 1897, a quarter of a century before the Home Rule amendment as we now know it was adopted, or the City Home Rule Law was passed. That section 95 certainly referred to " local laws " passed by the Legislature. Moreover, an opposing affidavit presented here sets forth that the office of the corporation counsel in this case has caused a search to be made of the local laws of the State of New York in an effort to determine which cities, if any, adopted local laws and when they adopted such local laws fixing the tours of duty and days or hours off duty of firemen. The affidavit then says " no such local law was found to have been adopted prior to April 21st, 1941, and upon information and belief, there are no such local laws." The Hampton Act became a law on April 21, 1941. The conclusion is obvious. There was not any local law adopted by any city to be saved by the statute at the time when it was passed by the Legislature or signed by the Governor. In *People* v. *City of Buffalo* (175 App. Div. 218; affd., 220 N. Y. 715) the court had under consideration section 291 of the Highway Law providing for the remittance of fines, penalties and forfeitures to the State Treasurer. The court said (p. 221) that throughout the Constitution the words " bill ",

and " act " are used as synonymous with the word " law " as a legislative enactment. Then the court quoted from *Sedgwick County* v. *Bailey* (13 Kan. 608) with approval the words " in some of the States the word ' bill ' is used, where in others the word ' act ' or ' law ' is used. But as the question is usually presented to the courts, it can probably make but little if any difference which one of the words is used. Each as presented to the courts, means the final determination of the Legislature upon the particular subject embraced in such ' bill,' ' act ' or ' law.' The word ' act ' is probably the best word to use, for it includes no action of the Legislature, or of any person, prior to the final passage of the act by the Legislature, and it includes the whole of the act, nothing more and nothing less. The word ' law ' is probably the worst word to use, for a portion of any act may be law, as well as the whole of the act.. ' Law,' however, as here used, is intended to be synonymous with ' act.' "

From the foregoing the conclusion is irresistible, in my opinion, that the saving section of the Hampton Act refers only to acts of the Legislature. In view of such conclusion, and giving due effect to the decision of the Appellate Division in *Holland* v. *Bankson* (*supra*), the motion to strike out the separate defenses contained in the answer is granted and the application for a mandatory order in favor of the petitioner is also granted, but without costs.

Settle order on two days' notice at chambers, Poughkeepsie.

All papers submitted have been forwarded to the clerk at Special Term, Part I, for filing.