George M. Carney, J.
This is a motion to dismiss for failure to prosecute, or, in the alternative, for summary judgment declaring the legal rights and relations of the parties.
The plaintiff, City of New York (City) was authorized by a statute known as the Water Supply Act (Administrative Code of the City of New York, tit. K41, now tit. K51) to build certain reservoirs in Delaware, Ulster and Sullivan Counties in order to augment its water supply. As a result of the construction, *84 certain roads had to be discontinued and rerouted. The statute provided in part that the City ‘ ‘ repair and forever maintain such additional highways” (Administrative Code, former § K41-37.0).
During the condemnation process in 1947 many orders were entered in Supreme Court, Delaware County, requiring, inter alia, the repair and maintenance of the rerouted highways by the City. The rerouted highways were completed in 1954. At that time, the defendants in the present action moved to have the orders amended to include the obligation of snow removal and sanding. This motion was denied at Special Term, which decision was affirmed by the Appellate Division, Third Department (Matter of Huie v. City of New York, 285 App. Div. 922 [1955]). The court noted that the substantial relief sought by the towns should be the subject of a special action or proceeding, and should not be granted by mere amendment of the orders. No such action or proceeding was instituted.
In 1960 (L. 1960, ch. 944), the State Legislature amended the statute. The City was now required to ‘ ‘ repair and forever maintain such additional highways and bridges and to remove the snow and to sand the highway surfaces ivhenever necessary, except such as shall be part of any state route ” (Administrative Code, § K51-37.0, subd. a; formerly § K41-37.0, subd. a).
After the enactment of the statute, the City of New York instituted this present suit for a declaratory judgment to declare the statute as amended to be unconstitutional, and to relieve the City of any obligation to remove snow from the roads involved. The summons in this action is dated November 30, 1960. In 1961, a motion was made by the Town of Colchester, one of the defendants in this suit, to change the venue. This motion was denied (City of New York v. Town of Colchester, 28 Misc 2d 426, affd. 16 A D 2d 772). There has been no effort made by the plaintiff since that time, over eight years ago, to have the issues in this action determined.
The Town of Colchester, joined by some of the other defendants, now moves, inter alia, to dismiss the action for general delay in failing to prosecute the action. This relief is denied, since the movant has failed to comply with the statutory 45-day notice requirement (CPLB 3216). As Chief Judge Fuld stated, ‘ ‘ the statute permits of no doubt as to its meaning: no motion to dismiss for failure to prosecute, brought prior to the filing of a note of issue, may be made unless the defendant has first served the plaintiff with a demand that he file a note of issue. In other words, under the 1967 change, any plaintiff who has neglected to place his case on the calendar for any reason auto *85 matically gets a second chance to do so before his case may be dismissed ” (Cohn v. Borchard Affiliations, 25 N Y 2d 237, 246).
Another preliminary argument must be disposed of before determining the merits of the suit. The defendants argue that the City of New York as a municipality cannot challenge a State statute which regulates its governmental duties.
A municipality as a creature of the State is subject to control by the State. It cannot challenge a reduction of its governmental powers by the State (Black Riv. Regulating Dist. v. Adirondack League Club, 307 N. Y. 475, 487). However, a municipality may challenge regulation of nonministerial acts which it regards as unconstitutional (Board of Educ. of Cent. School Dist. No. 1 v. Allen, 27 A D 2d 69, 74 [concurring opinion per Staley, J.]). The concurring opinion was affirmed and adopted on the issue of standing by a 4-3 majority of the Court of Appeals, as noted in its dissenting opinion (20 N Y 2d 109, see especially p. 115, n. 1 and p. 118, affd. 392 U. S. 236, see especially p. 241). A municipality may also challenge a statute which affects its ownership of funds or property, or an expressly defined statutory duty (County of Albany v. Hooker, 204 N. Y. 1).
The case at bar involves the property of the City of New York in the reservoir area, an expressly defined statutory duty, i.e., snow removal, and a regulation of its activities which the City regards as unconstitutional. The City of New York, therefore, does have standing to challenge the statutory amendment/ So much for the preliminary issues.
The main issues outlined as separate causes of action in the complaint raise a multipronged challenge to the statute. The first cause of action alleged is that the enactment of the amendment by the Legislature without first obtaining approval from the City is a violation of the Home Rule provision (N. Y. Const., art. IX, § 2, formerly art. IX, § 11).
The State Legislature is limited in its power to act in relation to the property, affairs or government of any local government. It may enact general laws without consulting the local governments involved. It may also enact special laws, i.e., laws which only pertain to local government, if certain constitutional prerequisites are met (N. Y. Const., art. IX, § 2, subd. [b], par. [2]). However, in determining whether a law is general or local, we look not only to the terms of the law, but also to its effect (Matter of Mayor of City of N. Y. [Elm St.], 246 N. Y. 72, 76). Statutes dealing with the life, health and safety of New York City inhabitants, though they are also determinative of use of City property are not a City concern that can be delimited by the City *86 boundaries, but are the concern of the whole State (Adler v. Deegan, 251 N. Y. 467) As the then Chief Judge Cakdozo stated (p. 485), “ There may be difficulty at times in allocating interests to State or municipality, and in marking their respective limits when they seem to come together. If any one thing, however, has been settled in the realm of thought by unison of opinion, it is the State-wide extension of the interest in the maintenance of life and health. The advancement of that interest, like the advancement of education, is a function of the State at large ’ ’.
In the instant case, the statute involved concerns the welfare of not only the City but the surrounding towns. The water supply is used by other towns and in addition the towns in the locale of the physical plant involved are also affected. The particular amendment involving snow removal affects the health and safety of the residents of the up-State communities in a more significant manner than the residents of the City. It was a matter of State concern to assure the maintenance of the roads in that area. This is evidenced by the fact that the State mandated maintenance of the roads as a condition to condemnation of the property involved and construction of the reservoirs.
Accordingly, ¡the amendment as passed was not violative of the Home Rule provisions, even though the original act happened to have conformed with those very provisions./
The second cause of action alleged is that the statutory amendment imposes a discriminatory tax burden on the City in violation of the Fourteenth Amendment of the Federal Constitution and in violation of the New York State Constitution (art. I, §§ 6,11, and art. XVI, §§ 1, 2). The City pays real estate taxes on the property acquired. Part of these taxes allegedly pay for snow removal. The City argues that if it were required to pay taxes and remove the snow, it would in effect be paying twice for the same service.
The taxes paid by the City to the localities are general in nature. There has been no allegation that there is a specific tax levied for snow removal. The mere fact that the City would not derive a benefit equal to the taxes it pays does not render this taxation unconstitutional. The test is really whether the City has received benefits for which it must give, i.e., pay taxes, in return (Wisconsin v. Penney Co., 311 U. S. 435). A corporation for example may be taxed for the support of public schools, asylums, hospitals and other public purposes, though it is impossible for it to derive any benefits other than the privileges which come from living in an organized community (Morton Salt Co. *87 v. City of South Hutchinson, 177 F. 2d 889, 892 [C. A. 10th] ; American Commuters Assn. v. Levitt, 279 F. Supp. 40, affd. 405 F. 2d 1148 [C. A. 2d]).
The case of Matter of Sperry Rand Corp. v. Town of North Hempstead (53 Misc 2d 970, affd. 29 A D 2d 968, affd. 23 N Y 2d 666), cited by the City, is inapposite. In that case, the tax imposed was solely to finance garbage collection. The plaintiff corporation paid a high tax, but received almost no services in return. In the case at bar, the taxes collected are not for a specific purpose, but for the general benefit of the community. When all persons or property in the same class are treated alike even if certain classes are treated differently, the tax is valid (Ampco Printing-Advertiser Offset Corp. v. City of New York, 14 N Y 2d 11 ; Matter of Roosevelt Raceway v. County of Nassau, 18 N Y 2d 30, mot. to amd. remittitur den. 18 N Y 2d 720, app. dsmd. 385 U. S. 453). Here, there is no allegation that the real estate owned by the City is taxed differently than any other real estate in that class. The court finds therefore that no discriminatory tax burden was imposed.
The third cause of action of the City claims that the amendment impairs the vested rights of the City of New York in violation of due process of law.
No one has a vested interest in any rule of law or legislative policy which entitles him to have that rule remain unaltered for his benefit (Queenside Hills Realty Co. v. Saxl, 328 U. S. 80, 83 ; Matter of Eagan v. Livoti, 287 N. Y. 464 ; Oriental Blvd. Co. v. Heller, 58 Misc 2d 920, 928, mod. 34 A D 2d 811).
However, if the new statute or amendment impairs the right to contract, that impairment will be fatal to the validity of the statute unless it is a reasonable exercise of the police power (cf. Queenside Hills Realty Co. v. Saxl, supra ; Bibb. v. Navajo Frgt. Lines, 359 U. S. 520 ; Atlantic Coast Line v. Goldsboro, 232 U. S. 548 ; Reduction Co. v. Sanitary Works, 199 U. S. 306).
The power of the State Legislature to regulate the exercise of the power of eminent domain and excess condemnation by a local government is based in the New York State Constitution (art. IX, § 1, subd. [e]). The Water Supply Act, enacted by the State Legislature, gave the City the right off'-condemnation and imposed as a condition therefor that the City repair and maintain the new roads to be built around the reservoirs. If at that time a further condition were imposed, namely, the duty to sand and remove snow from the area, that condition would have been considered a reasonable exercise of the police power. It cannot now be urged that the same statute enacted a few years later has suddenly become unreasonable under the facts of this case.
*88 The City urges that it would have chosen to place the burden on the local governments. It was within the province of the State Legislature to make that decision. It did so by enacting the amendment. The court will not substitute its judgment for that of the Legislature in choosing between reasonable alternatives (Bibb v. Navajo Frgt. Lines, supra, p. 524 ; cf. National Psychological Assn. for Psychoanalysis v. University of State of N. Y., 8 N Y 2d 197).
In addition thereto, a statute should be declared unconstitutional only as a last resort and when unconstitutionality has been shown beyond a reasonable doubt (Matter of Roosevelt Raceway v. Monaghan, 9 N Y 2d 293 ; Patterson v. University of State of N. Y., 14 N Y 2d 432 ; Grossman v. Baumgartner, 17 N Y 2d 345).
In the case at bar, the State Legislature added the requirement of snow removal as a reasonable, albeit expensive, adjunct to the maintenance of roads around the reservoir. The City concedes the reasonableness of the maintenance requirement, since it did not attack that portion of the statute. The court therefore finds the amendment to be constitutional and a reasonable exercise of the police power.
The court notes that no argument of estoppel is raised with regard to the assumption of the obligation of snow removal from 1960 to date. However, the court has gleaned from the papers submitted by the City that whichever government removed the snow would do so without prejudice to its rights in this action.
The court further notes that summary judgment would obtain in this action even absent affidavits of persons with personal knowledge of the facts since there are only questions of law involved.
Accordingly, the court finds in favor of the defendants. Chapter 944 of the Laws of 1960 is constitutional and the City must meet its obligations of sanding and snow removal.