George Postel, J.
This is a motion by the City of New York (City) for a temporary injunction restraining the defendant State of New York (State) from implementing that portion of chapter 371 of the Laws of 1971 popularly known as the Vacancy *514 Decontrol Law. ifhe State cross-moves to dismiss the complaint for failure to state a cause of action.
/ The motion by the City for a temporary injunction is denied. The City has failed to establish a clear right to the drastic relief sought. The spectre of mass harassment and of a mass exodus from the City is unsubstantiated by data from either the past history of the City or from data available about other cities where decontrol was effectuated even more broadly than in the case at bar or by any other proof presented to the court. /
The cross motion by the State to dismiss the action must now be considered. The first cause of action in the complaint before the court alleges a violation of the Home Rule provision (N. Y. Const., art. IX, § 2, subd.'fb], par. [2]), which limits the power of the State to act in relation to the property affairs or government of a local government.
/ It is to be noted that a municipality is a creature of the State and subject to its control. It cannot challenge a reduction of its governmental powers by the State (cf. Black Riv. Regulating Dist. v. Adirondack League Club, 307 N. Y. 475, 487. In addition thereto, the subject of rent control is one in which the local laws must remain consistent with State statutes (F.T.B. Realty Corp. v. Goodman, 300 N. Y. 140) since rent control is primarily a matter of State concern (cf. Bucho Holding Co. v. Temforary State Housing Rent Comm., 11 N Y 2d 469).
As was so aptly stated by the then Chief Judge Cardozo with regard to “ home rule “ There may be difficulty at times in allocating interests to State or municipality, and in marking their respective limits when they seem to come together. If any one r thing, however, has been settled in this realm of thought by unison of opinion, it is the State-wide extension of the interest in the maintenance of life and health. The advancement of that interest, like the advancement of education, is a function of the State at large ” (Adler v. Deegan, 251 N. Y. 467, 485).
In the case at bar/the Legislature acted in a matter of State concern in what it thought to be in the best interest of the State. Since as indicated above, there was no violation of ‘ ‘ home rule y as enunciated in the New York State Constitution the court win not substitute its judgment for that of the Legislature (cf. Bibb v. Navajo Frgt. Lines, 359 U. S. 520, 524; National Psychological Assn. for Psychoanalysis v. University of State of N. Y., 8 N Y 2d 197).
’ The second cause of action hinges on the first, in that it presupposes that chapter 371 of the Laws of 1971 involves a special *515 law affecting “home rule”. Since that supposition has been rejected by the court, this second cause of action must also fall.
Accordingly, the motion for a temporary injunction is denied and the cross motion dismissing the complaint for failure to state a cause of action is granted.