THOMAS FLOYD, on Behalf of Himself and All Other Resident Property Owners and Taxpayers of the Village of Ossining, Similarly Situated, Appellant, v. NEW YORK STATE URBAN DEVELOPMENT CORPORATION et al., Respondents.

First Department, May 10, 1973.

*Palmison & Fiore (Irving Mariash* and *Andrew Fiore* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Samuel A. Hirshowitz* and *Daniel M. Cohen* of counsel), and *Debevoise, Plimpton, Lyons & Gates (Samuel E. Gates* and *Robert J. Geniesse* of counsel), for respondents.

LANE, J. In 1968 the State Legislature enacted statutes respecting urban development. (L. 1968, ch. 174.) The Governor, in a special message to the Legislature, urged the enactment of such a program, stating in part, " The need to transform our urban core areas into decent places to live in and work in is the priority domestic challenge confronting this Nation." (N. Y. Legis. Annual, 1968, p. 434.) It was significant that in his message concerning the suggested powers of the proposed " New York State Urban Development Corporation " the Governor recognized the necessity for said Corporation to operate free and unfettered by local restrictions. He stated, " The Corporation would have the right to acquire land in urban core areas by purchase or condemnation. It could undertake the development of projects utilizing modern standards, concepts and designs, exempt from local restrictions, in much the same way as the State University Construction program is building State University campuses with such outstanding results." (N. Y. Legis. Annual, 1968, p. 437.)

In enacting these statutes the Legislature made a statement of findings and express purposes which reiterated the same goals and objectives as articulated by the Governor (New York State Urban Development Corporation Act, § 2).

The direction of the corporation was placed in the hands of mature, responsible individuals (§ 4).

The challenge raised by plaintiff at Special Term was that the statute enacted involved "property, affairs or government" of a municipality and therefore could only be enacted in consonance with Home Rule provisions (see New York State Constitution, art. IX, § 2).

The test of violation of Home Rule is whether or not the allegedly violative act is general or local in its effect (*Matter of Mayor, etc. of the City of New York [Elm St.]*, 246 N. Y. 72, 76). If the act is general in effect, then it is not violative of Home Rule and if otherwise, then it is. The Court of Appeals has ruled that housing is a matter of State-wide concern (*Adler v. Deegan*, 251 N. Y. 467; *City of New York v. State of New York*, 67 Misc 2d 513, affd. without opn. 31 N Y 2d 804); for another example of a matter of State-wide concern, see *City of New York v. Town of Colchester* (66 Misc 2d 83).

The statute at bar, therefore, was not enacted in violation of Home Rule.

On appeal, the plaintiff, while conceding that the corporation has the power to override construction laws and ordinances, contends that the corporation does not have the power to override zoning regulations.

A reading of the statute in conjunction with the Governor's message and the statement of legislative intent leads to the conclusion that the corporation was to be unhampered by the impenetrable layers of bureaucratic red tape in order to speedily achieve its goals. The right to override zoning regulations must therefore be included since, absent that power, the corporation could be easily and effectively blocked in any proposed project.

We therefore find that implicit in the powers granted to the corporation was the power to override local zoning regulations. This would give the full breath of life to statutes with the worthwhile goal of "lighting a candle" rather than "cursing the darkness."

Accordingly, the judgment appealed from, declaring the validity and constitutionality of subdivision (3) of section 16 of the New York State Urban Development Corporation Act, insofar as it exempts urban development corporation projects from

zoning laws and regulations, and other local laws, should be affirmed, without costs or disbursements.

STEUER, J. (dissenting). We would reverse and deny summary judgment.

This is a class action brought on behalf of property owners and taxpayers of the Village of Ossining. Briefly stated, the purpose of the suit is to restrain respondent Urban Development from erecting multiple dwelling units on a 12-acre tract in the village zoned by village ordinance for one-family dwellings. A prior appeal to the Court of Appeals was dismissed (31 N Y 2d 963) upon the ground that questions other than the validity of the enabling statute creating respondent were involved. We deem that question to be one of statutory rather than constitutional interpretation.

As respondent does not deny that the construction it proposes would violate the zoning ordinance, the first question is whether respondent is exempted from the restrictions. The act in question is chapter 174 of the Laws of 1968. Subdivision (3) of section 16 is the specific grant of power that respondent relies on. Reducing the statutory verbiage to its essentials for this question, it reads: "After consultation with local officials * * * the corporation * * * shall, in reconstructing * * * any project, comply with the requirements of local laws * * * provided however, that when, in the discretion of the corporation, such compliance is not feasible or practicable, the corporation * * * shall comply with the requirements of the state building construction code * * * applicable to such construction". It could hardly be clearer that this language confers no immunity or exemption from zoning regulations. It refers exclusively and repeatedly to "construction"; and the deviations from local laws made permissible are as to materials, processes and the like, which determine what the builder must produce in the way of safety, sanitation and other considerations. Nothing in the language relied on purports to deal with the use of buildings to be constructed or whether buildings not in conformity with allowable uses may be built, which is what zoning regulations are concerned with. It would be the broadest perversion of the language of the act to find any other interpretation.

Unfortunately, the attention of the learned Special Term which granted respondent's application was not directed to this point. The opinion assumes, in the absence of challenge by counsel, that exemption from zoning was granted by the statute and is concerned with whether the Legislature, in view of the

Home Rule provisions, had the power to do so. It is not necessary to decide whether the Legislature has the constitutional authority to do something which we find it did not do.

Respondent argues that the point, not having been raised below, is no longer arguable. While appellate discretion is properly and generally exercised in that way, the rule, especially outside the field of strictly private litigation, is not inviolable. Besides, the Court of Appeals having determined that nonconstitutional questions are presented, and this being the only one discernible, it must be considered viable.

Lastly, a substantial portion of respondent's brief is devoted to the social benefits which will flow from the construction. Quite naturally it ignores the devastating effects on the householders who enacted the ordinance as a guarantee of the maintenance of the way of life they provided for themselves. These are sociological questions not properly within the competence of the court and we take no position on them except to say that we do not agree that this is an instance where the powers of darkness are attempting to block the march of social progress.

Nunez, J. P., and Kupferman, J., concur with Lane, J.; Steuer, J., dissents in an opinion in which Murphy, J., concurs.

Judgment, Supreme Court, New York County, entered on July 11, 1972, affirmed, without costs and without disbursements.