In the Matter of EDWARD P. HOLLAND, Respondent, against PAUL A. BANKSON, as City Manager and Acting Director of the Department of Public Safety of the City of New Rochelle, et al., Appellants.

Argued February 23, 1943; decided April 15, 1943.

*Aaron Simmons, Corporation Counsel,* for appellants.

*Frederick Evan Crane* and *Edward M. Edenbaum* for respondent.

*Francis R. Doherty* for Harold Douglas, individually and as President of the Uniformed Firemen's Benevolent Association of White Plains, *amicus curiæ,* in support of the position of respondent.

CONWAY, J. The Appellate Division has granted leave to appeal to this court to the representatives of the city of New Rochelle from an order affirming an order of Special Term striking out their answer as insufficient in law upon the face thereof and granting the prayer of petitioner that the tours of duty and hours off duty of the officers and firemen of the New Rochelle Fire Department be changed to conform to the requirements and provisions of chapter 626 of the Laws of 1941 (known as the Hampton Act).

The tours of duty and the hours off duty of firemen in the city of New Rochelle were established and regulated by Local

Law No. 1 of 1942. It is conceded that the Hampton Act allows to firemen of that city at least an additional day off duty each week not permitted by the Local Law. The first separate and distinct defense in the answer alleges that the Hampton Act does not apply to the city of New Rochelle and that the establishment and control of the fire department of that city are matters of local concern and relate to the affairs of the city of New Rochelle within the meaning of the City Home Rule Law.

Both the Home Rule Amendment to the State Constitution approved by the People at the election of 1923 (Art. XII, § 2) and the State Constitution which went into effect on January 1, 1938 (Art. IX, § 11) required the Legislature to act in relation to the property, affairs or government of any city by general laws only which should in terms and in effect apply alike to all cities, with certain exceptions not material here. Such provision " was intended to vest in the cities of the State increased control of their own property, affairs and government." (*City of New York* v. *Village of Lawrence,* 250 N. Y. 429, 435; see, also, *Matter of Mayor of the City of New York [Elm Street]*, 246 N. Y. 72, 76.) Section 11, subdivision 1, of the City Home Rule Law provides in part as follows: " § 11. Power of cities to adopt and amend local laws. 1. * * * The local legislative body of a city shall have power to adopt and amend (a) local laws in relation to the property, affairs or government of the city * * *. Such local laws may change or supersede any provision of an act of the legislature theretofore enacted which provision does not in terms and in effect apply alike to all cities. The enumeration of powers in this subdivision is not intended to imply that any of such powers is not included within the power of a city to adopt and amend local laws in relation to its property, affairs and government."

The question presented for our determination is whether or not the Hampton Act (L. 1941, ch. 626) is a general law. If it is a general law, then the statute governs the tours of duty and hours off duty of officers and firemen of the fire department of the city of New Rochelle. If it is not a general law applying alike to all cities in terms and in effect, then such hours and tours of duty are governed by Local Law No. 1 of 1942. (*Adler* v. *Deegan,* 251 N. Y. 467, 486, 487.)

Section 2 of the Hampton Act provides that " the provisions of this act shall not repeal, affect or impair the provisions of chapter nine hundred and forty-six of the laws of nineteen hundred thirty-six or any other law, general, special or local, relating to tours of duty and days or hours off duty of firemen in any city." Chapter 946 of the Laws of 1936 relates to city firemen in the city of New York. There is excepted from the application of the Hampton Act " any other law, general, special or local " relating to hours off duty and tours of duty of firemen *in any city.* The following cities, according to respondent's brief, adopted *local* laws prior to the effective date of the Hampton Act: Corning, Elmira, Geneva, Glens Falls, Ithaca, Johnstown, Middletown, Newburgh, Oneida, Rensselaer, Rochester, Saratoga Springs, Watertown, White Plains. The Hampton Act is not applicable to those mentioned cities and is not and was clearly never intended to be a general law applicable alike to all cities. (*Adler* v. *Deegan, supra,* pp. 486, 487.) Moreover, we have held: " Historically and as matter of common knowledge, fire departments have been recognized agencies of municipal governments, and their organization, operation and administrative control have been deemed matters of local concern." (*Matter of Osborn* v. *Cohen,* 272 N. Y. 55, 60.)

Since the Hampton Act was not intended by the Legislature to be a general law applicable in terms and in effect alike to all cities, Local Law No. 1 of 1942 of the city of New Rochelle is controlling here. The first separate and distinct defense set out in the answer is a good defense and should not have been stricken out.

. The orders should be reversed and the petition dismissed without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur.

Orders reversed, etc.