Clarence J. Henry, J.
This is an action for a declaratory judgment and an injunction. The facts have been stipulated, and are briefly as follows:
The plaintiff was incorporated by an act of the New York State Legislature (L. 1864, ch. 140) and was authorized by the terms of the act to receive certain funds derived from a tax levied upon foreign insurance companies doing business in the City of Rochester and to administer such funds for the relief of its indigent and disabled members, exempt firemen, firemen injured while in the employ of the city, and the families of all such persons. Provision for the tax had previously been made in the act of March 30, 1849, and continues to the present, the applicable statutes being now sections 553 and 554 of the Insurance Law.
The trustees of the plaintiff have received, controlled and administered the tax fund since incorporation, and the defendant city has conceded that it has never had any control thereof, although the plaintiff has long since ceased to engage in active fire-fighting according to the defendant, since the establishment of its own so-called Fire Bureau in 1879. Only once, however, has any question previously been raised concerning the continuance of the plaintiff’s authority, and in that instance it was held that the plaintiff “ was intended by the legislature to continue to receive this money” (Ashley Co. v. Fire Dept, of City of Rochester, 73 Misc. 636 [1911]).
On April 23,1963, the Cotmcil of the defendant City of Rochester enacted two Local Laws (Nos. 5 and 6), schemed to supersede chapter 140 of the Laws of 1864 by giving the Treasurer of the city power to collect all taxes imposed by sections 553 and 554 of the Insurance Law, and requiring the plaintiff’s trustees, within 30 days, to account and to turn over to the defendant’s Comptroller, who would manage them thereafter, all of its assets and records.
The plaintiff now seeks a judgment declaring Local Laws Nos. 5 and 6 (1963) to be void and unconstitutional, and enjoining the defendant or its employees from endeavouring to enforce them, *1099 the principal ground being that the defendant does not possess the power to amend or supersede the special incorporating and authorizing act of the Legislature.
The defendant’s position is that it has such power, under the provisions of subdivision 1 of section 11 of the City Home Buie Law, which permits the legislative body of a city to adopt and amend special State laws of local nature which relate to the property, affairs or government of the city.
The defendant’s position cannot be sustained: (1) because chapter 140 of the Laws of 1864 was not a special act involving the property, affairs and government of the defendant city; and (2) because the moneys collected under sections 553 and 554 of the Insurance Law are, and always have been, State moneys and thus subject to control by the Legislature only.
While it seems reasonably clear that matters concerning the organization, operation and administration of fire departments have been held to be local affairs within the meaning of the Home Buie Law (see Matter of Holland v. Bankson, 290 N. Y. 267; Matter of Osborn v. Cohen, 272 N. Y. 55), the right of persons or organizations designated by special legislation to receive and administer moneys collected under sections 553 and 554 of the Insurance Law has been consistently recognized (see Watertown Firemen’s Benevolent Assn. v. City of Watertown, 134 N. Y. S. 2d 465; Exempt Firemen’s Assn. v. City of New Rochelle, 8 A D 2d 634, affd. 7 N Y 2d 1005; Amsterdam Permanent Firemen’s Assn. v. City of Amsterdam, 40 Misc 2d 323; 1958 Atty. Gen. 199).
The defendant places considerable reliance on the case of Exempt Firemen Assn. v. Trustees of Firemen’s Benevolent Fund (34 App. Div. 138) as authority for its contention that the functions performed by the plaintiff in the instant action are home rule functions delegated by special law and thus subject to local change. That case, however, is distinguishable, for there the Legislature, having originally directed that the City Treasurer receive and distribute the tax funds, later created a new organization and directed payment of the tax to the City Treasurer on its behalf. The funds, therefore, were always part of the property, affairs and government of the city, and the court held that because of this, any change in the special law governing their administration without following the proper procedural legislative steps required at that time was unconstitutional.
The plaintiff herein was created and authorized by a special act of the Legislature long predating the adoption of the home rule provisions, and the payment to it of funds collected pur *1100 suant to the provisions of sections 553 and 554 of the Insurance LaWj to the extent that they are consistent with public safety and police power, are matters of primary State concern (see Adler v. Deegan, 251 N. Y. 467). The imposition of the tax is State-wide, and the funds derived must be regarded as State, and not city, property. In the instant matter they were never payable to the defendant, nor to any of its employees, and thus the casemf Matter of Grumet v. Goodbody (1 Misc 2d 222, affd. 309 N. Y. 956) also relied upon by the defendant, and apparently the pattern for the Local Laws Nos. 5 and 6, herein attacked, has no application. In that case the funds in question had been administered under a city ordinance which was supplanted by another city ordinance, and the court quite understandably held that the collection and administration of them had relation to the property, affairs and government of the city.
The vested historical rights to the funds herein have always been those of the plaintiff, have never been changed by the Legislature (see Binghamton Firemen’s Benevolent Assn. v. McElhill, 9 A D 2d 255) and cannot be pre-empted by the enactment of Local Laws such as Nos. 5 and 6, which must be held void and unconstitutional. Any remedy indicated, perhaps by reason of the latter-day inactive fire-fighting status of the plaintiff, must come from the Legislature and not from the City Council.
The plaintiff, therefore, is entitled to judgment declaring Local Laws No. 5 and No. 6, adopted by the Council of the City of Rochester on April 23, 1963, void and unconstitutional, and enjoining and restraining the defendant, its agents, attorneys, representatives, employees and servants from any and all enforcement thereof, and from interfering with or preventing the plaintiff from receiving and administering funds collected pursuant to the provisions of sections 553 and 554 of the Insurance Law.