FIRE DEPARTMENT OF THE CITY OF ROCHESTER, Respondent, *v.* CITY OF ROCHESTER, Appellant.

Fourth Department, May 13, 1965.

*Arthur B. Curran, Jr., ·Corporation Counsel (Epi J. Milazzo* of counsel), for appellant.

*Keenan, Carroll, Harris, Creary & Beck (William J. Creary* of counsel), for respondent.

WILLIAMS, P. J. The judgment presented for review declared Local Laws No. 5 and No. 6, adopted by the Council of the City of Rochester on April 23, 1963, unconstitutional and void. The defendant municipality has been enjoined from enforcing these laws and from interfering with or preventing the plaintiff from administering funds received pursuant to sections 553 and 554 of the Insurance Law.

The fund in question had its inception in the era when fire fighting was the exclusive responsibility of volunteer fire companies throughout the State and municipally financed fire departments were unknown. In 1849, to benefit and stimulate such companies of volunteers, the Legislature determined that a tax which had been previously imposed upon foreign fire

insurers should be diverted from the State treasury to these local volunteer organizations. (See *Trustees of Exempt Firemen's Fund* v. *Roome*, 93 N. Y. 313.) The statutory authorization for this practice is currently found in sections 553 and 554 of the Insurance Law, which now benefit and apply not only to volunteer but also to municipally paid fire departments.

Section 553 provides that, with certain exceptions, "there shall be paid to the treasurer of the fire department of every city * * * afforded fire protection by any fire department, or to such other persons as may be designated in any special law heretofore or hereafter enacted * * * or in case any fire department does not have a treasurer, then to the treasurer or other fiscal officer of such city," by every foreign fire insurer other than mutual fire insurance companies, a designated percentage of the premiums received for fire insurance upon property situated within the area protected by the fire department.

Section 554 provides, in somewhat different language, that foreign mutual fire insurers shall be taxed in a similar manner and shall pay the tax "to the treasurer of the fire department of each city * * * for the use and benefit of such department * * * or, if no such treasurer of a fire department exists, then to the treasurer or other fiscal officer of such city * * * and in those municipalities * * * which by special enactment have created * * * firemen's benevolent * * * associations which share in the distribution of such monies, to the respective treasurers of such associations."

While these sections differ in their language, for the purposes of our determination we may treat them as establishing the same method of distribution of the tax funds. In fact, the original enactment of what is now section 554, which was part of the statute authorizing foreign mutual fire insurers to do business in this State, provided that the tax imposed upon their premiums should be distributed "in the same manner and to the same extent as the tax imposed by" the section which is now section 553. (L. 1909, ch. 286.) In 1933 the Legislature specified those who were to be the recipients of the tax imposed by section 554 (L. 1933, ch. 303), but, insofar as the present litigants are concerned, the change in the statutory language is of no consequence, and we shall consider these sections together.

The plaintiff, "Fire Department of the City of Rochester", was created by a special act of the Legislature "to accumulate a fund for the relief of indigent members of said fire department, disabled while actually doing duty as firemen, and of such persons as shall have become entitled to, and received their certificates of exemption as firemen from the common council of

said city, and also of such persons as shall be injured while actually doing duty, in the employ of said city, in managing or operating the steam fire engines, or other fire apparatus of said city, and of the families of all the aforesaid persons ''. (L. 1864, ch. 140, § 2.) The statute established plaintiff as '' a body corporate and politic ''. It has never been part of the government of the defendant, City of Rochester, nor has it performed any fire-fighting functions. It has never been more than a tax receiving and distributing entity, its sole purpose being to administer the tax moneys paid over to it annually pursuant to sections 553 and 554. Vacancies on the board of trustees are filled by the remaining trustees. All trustees are directed by the statute to serve without salary. It appears that the paid fire department anticipated by this statute was not established until 1879. '' This paid department superseded the old volunteer department, although for a number of years after its organization several of the volunteer companies retained their connection with it as independent organizations, two of them remaining in the service at the commencement of this action.'' (*Ashley Co.* v. *Fire Department of City of Rochester,* 73 Misc. 636, 637 [1911].)

The local laws, challenged in this proceeding, if valid, supersede the special statute of 1864, which created the plaintiff, and they transfer the responsibility for receiving and distributing these tax moneys, as well as the control over the present assets of the fund, to the Treasurer and Comptroller of the City of Rochester.

In an interpleader action in 1911, these same litigants contested their respective rights to the tax moneys paid by an insurer pursuant to the now section 553 (*Ashley Co.* v. *Fire Department of City of Rochester, supra*). In that action the court determined that, despite the fact that a paid fire department had superseded the volunteers, the plaintiff continued to be the proper recipient of these funds by virtue of the 1864 statute. Apart from the local laws presently in issue, our attention is directed to no subsequent legislation which would impair the *res judicata* effect of that decision, and we have found none. Thus, the only issue which can be presented in this present litigation is whether Local Laws No. 5 and No. 6 of 1963 properly superseded chapter 140 of the Laws of 1864.

These local laws were enacted pursuant to the home-rule powers granted by former article IX of the Constitution of the State of New York, which was replaced by the present article pertaining to local governments, effective January 1, 1964. Sec-

tion 12 of the former article provided for the adoption by the city of "local laws not inconsistent with the constitution and laws of the state relating to its property, affairs or government." In section 11, the Legislature was authorized to "confer on cities such powers of local legislation and administration in addition to the powers vested in cities by this article as it may * * * deem expedient".

The Legislature, as so authorized, implemented the constitutional provisions by granting to local legislative bodies the power "to adopt and amend * * * local laws in relation to the property, affairs or government of the city". (City Home Rule Law, § 11, subd. 1.) It provided further that: "Such local laws may change or supersede any provision of an act of the legislature theretofore enacted which provision does not in terms and in effect apply alike to all cities." (*Ibid.*)

Our inquiry, therefore, must be whether the local laws in question relate to the property, affairs or government of the city and whether the 1864 statute to be superseded "does not in terms and in effect apply alike to all cities." The latter question can be resolved simply by reference to the language of the 1864 statute, which specifically applies only to "The Fire Department of the City of Rochester" and could not possibly be understood to have any general application to all cities.

Similarly, we have no difficulty concluding that these local laws relate to the property, affairs or government of the city. As early as the *Roome case* (93 N. Y. 313, *supra*), the original legislation of 1849 diverting these tax moneys to local fire-fighting organizations was characterized as "a public and not a private act" (p. 323). There the court said (p. 323): "It was an appropriation of the tax to a proper governmental and public purpose * * * The appropriation was to the fire departments. What use they would make of it—to what purpose apply it—was left to them to determine where they had not already determined."

In considering a question similar to that presently before us, the court said in *Exempt Firemen Assn.* v. *Trustees* (34 App. Div. 138, 141): "There can be no question that the legislation * * * related to the property and affairs of Long Island City."

*Matter of Grumet* v. *Goodbody* (1 Misc 2d 222, affd. 309 N. Y. 956) upheld the constitutionality of a local law which appears to have been the model for the local laws here in question. There several funds similar to that held by the plaintiff were transferred from the existing trustees to the Fire Commissioner as

successor trustee. Upon appeal, the Court of Appeals rejected most of the contentions urged by the plaintiff-respondent in this appeal.

For other instances where municipalities have taken actions by local laws which affect similar funds in their respective localities, see *Binghamton Firemen's Benevolent Assn.* v. *McElhill* (9 A D 2d 255); *Amsterdam Permanent Firemen's Assn.* v. *City of Amsterdam* (40 Misc 2d 323). The decision in *Exempt Firemen's Assn. of City of New Rochelle* v. *City of New Rochelle* (8 A D 2d 634, affd. 7 N Y 2d 1005), relied upon by respondent and the court below, is not authority to the contrary inasmuch as the invalidity of the statute was based upon a defect in its enactment. There is no such question present in this case.

In other contexts, the administration and organization of local fire departments have been regarded as matters of local concern. (*Matter of Holland* v. *Bankson,* 290 N. Y. 267; *Matter of Osborn* v. *Cohen,* 272 N. Y. 55.) As to the question of whether this is a matter of State concern, it is significant that the plaintiff has never been directed or required by any State agency to account for these tax funds, as is conceded in plaintiff's brief on this appeal.

As in the *Grumet* case (*supra*), these local laws do not effect any change in the purposes for which this fund has been accumulated. They merely accomplish a change in its administration. The fiscal officers of the city would be the proper recipients of these moneys were it not for the 1864 enactment. (Insurance Law, §§ 553, 554.) We conclude that the election of the city to have the fund administered by its own officers, as mandated by these local laws, was properly and constitutionally within its home-rule powers.

The judgment appealed from should be reversed and the local laws in question declared to be constitutional and valid.

GOLDMAN, HENRY, NOONAN and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed on the law, without costs of this appeal to either party and Local Laws Nos. 5 and 6 of 1963 of the City of Rochester declared to be constitutional and valid.