In the Matter of RICHARD BUONO et al., Respondents, v VICTOR S. BAHOU et al., Constituting the New York State Civil Service Commission, Appellants, and WILLIAM E. STURN et al., Constituting the Municipal Civil Service Commission of the City of Rensselaer, Respondents.

Third Department, June 22, 1978

APPEARANCES OF COUNSEL

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for appellants.

*Peter R. Kehoe (Thomas A. Mitchell* of counsel), for Richard Buono and others, respondents.

**OPINION OF THE COURT**

LARKIN, J.

The petitioners received permanent appointments as police

patrolmen in the City of Rensselaer on various dates between February 11, 1971 and May 20, 1973. In August, 1973, the New York State Department of Civil Service requested the Rensselaer City Civil Service Commission to submit all applications and medical reports for policemen in the City of Rensselaer. Upon noncompliance, the Rensselaer commission was directed on June 11, 1974 to submit such a report. When this request was not timely honored, a third request was made on July 23, 1974.

Three medical reports were submitted in November, 1974 and nine more on March 26, 1975. These reports indicated that the visual acuity of the patrolmen in question fell below 20/40 in each eye, the minimum requirement. Thereafter, on March 28, 1975, the Rensselaer commission was informed by the State that the policemen had failed to meet the minimum physical fitness eligibility requirements and that their employment had to be terminated. When the Rensselaer commission refused, the State Civil Service Commission ordered the rescission of the petitioners' appointments.

After a Special Term opinion that the policemen did not receive proper notice, a stipulation was entered into on October 25, 1976 which provided that the policemen in question would be given an opportunity to present facts in opposition to the order of rescission. Such statements were filed and on March 15, 1977, the commission again ordered the rescission of the petitioners' appointments. This article 78 proceeding was commenced to challenge that determination, and Special Term held that the revocation of petitioners' appointments was time-barred by the applicable three-year Statute of Limitations (Civil Service Law, § 50, subd 4). This appeal ensued.

■ Under section 50 of the Civil Service Law, the determination by the State commission would be time-barred as there is no allegation herein of fraud. The State commission's contention that section 50 of the Civil Service Law is not applicable to it but only to rescissions made by municipal commissions cannot survive in view of the legislative history of the section. The memorandum of the State Department of Civil Service, presented on recodification of the Civil Service Law, noted that the section in question "permits *State and local commissions* to disqualify persons for examination or appointments" (NY Legis Ann, 1958, p 73; emphasis added).

The State commission further contends that it has acted pursuant to its general supervisory authority over local com-

missions as provided in section 25 of the Civil Service Law. Such power, originally limited to rescission of the entire examination and cancellation of the entire eligible list and all appointments made thereunder, is extraordinary and is in derogation of those provisions of the Civil Service Law establishing and granting to local commissions primary authority over local civil service appointments *(Matter of Caparco v Kaplan,* 20 AD2d 212). In considering the extent of the power of the State commission under former subdivision 7 of section 11 of the Civil Service Law (which contains virtually the identical language of the present section 25), the Court of Appeals held that the State commission's supervisory powers were limited to the provisions or purposes of the Civil Service Law and were limited to rescission in the event that a prime fundamental purpose of the Civil Service Law was not being followed *(Matter of Ebling v New York State Civ. Serv. Comm.,* 305 NY 221).

■ It is the contention of the State commission herein that the rules and regulations in regard to the eye test to be given to policemen were not being followed by the municipal commission and, therefore, they had the right to intervene. We conclude that the civil service examination given to the policemen in question did not carry out the "provisions or purposes" of the Civil Service Law and, therefore, the State commission could intervene under section 25 of the Civil Service Law. While we accordingly determine that section 50 does not apply to actions taken by the State commission under section 25 of the Civil Service Law, it is logical and, indeed, case law supports the conclusion that any rescission or cancellation taken by the State commission must be done within a reasonable time *(Matter of Ebling v New York State Civ. Serv. Comm., supra).*

In view of the State commission's early and continued demands for the medical reports, we find the ultimate order of rescission by the commission to have been timely made. Having concluded that the order was timely, we now turn to petitioners' contentions that the order of rescission is not supported by substantial evidence and that the standard of visual acuity is arbitrary and capricious.

■ Although it is true, as petitioners contend, that there is no direct proof that they failed to meet the visual acuity eligibility requirement at the time of their appointments, there is proof that within two to four years after their respec-

tive appointments, i.e., in February and March of 1975, petitioners did fail to meet the visual acuity requirement. Since there is no proof that petitioners' visual acuity had worsened between the time of their respective appointments and February and March of 1975, there is substantial evidence to support the finding that they failed to meet the necessary level of visual acuity at the time of appointment. The fact that petitioners passed physical examinations at the time of their appointment does not mandate a contrary conclusion since there is no allegation that the proper standards were followed in administering these examinations.

With respect to petitioners' contention concerning the standard of visual acuity, they have failed to prove that this standard is arbitrary and capricious (cf. *Mierzwa v Genesee County Civ. Serv. Comm.*, 55 AD2d 815).

The judgment should be reversed, on the law, without costs; petition dismissed, and order of the New York State Civil Service Commission reinstated.

MAHONEY, P. J., SWEENEY, STALEY, JR., and HERLIHY, JJ., concur.

Judgment reversed, on the law, without costs; petition dismissed, and order of the New York State Civil Service Commission reinstated.