■ CITY OF NEW YORK et al., Respondents, v PATROLMEN'S BE-NEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, INC., et al., Appellants, NEW YORK STATE PUBLIC EMPLOYMENT RELATIONS BOARD et al., Respondents, and DENNIS C. VACCO, as Attorney-General of the State of New York, Intervenor-Appellant. [647 NYS2d 728] —Judgment, Supreme Court, New York County (Marylin Diamond, J.), entered April 15, 1996, which denied defendants-appellants' motion to dismiss the complaint, granted plaintiffs' cross-motion for summary judgment, and declared chapter 13 of the Laws of 1996 unconstitutional on the ground it violates the Home Rule provision of the State Constitution and that the Board of Collective Bargaining continues to have exclusive jurisdiction over collective bargain-

ing impasses between the City and its police officers, unanimously affirmed, without costs.

The court properly declared chapter 13 of the Laws of 1996 unconstitutional as violative of the Home Rule provision of the New York State Constitution (art IX, § 2 [b] [2]) since it was enacted without a Home Rule message. Contrary to the Patrolmen's Benevolent Association's contention, chapter 13 (1) is a "special law" applicable only to New York City and not to all other cities, as it makes New York State Public Employment Relations Board (PERB) procedures applicable to disputes between the City of New York and its police union, while leaving intact the right of other localities to opt out of PERB jurisdiction and resolution procedures (Civil Service Law § 209) by creating their own mini-PERBs (Civil Service Law § 212). Chapter 13 (2) amended Civil Service Law § 209 (2) and (4) by repealing the City's exemption from PERB and its impasse procedures. A Home Rule message was essential to the constitutional validity of chapter 13 since the statute did not serve a substantial State concern (*see, Adler v Deegan,* 251 NY 467). The organization, operation and administration of a municipal uniformed force such as the police department, including terms and conditions of employment such as hours, shifts, overtime, seniority and vacations, are clearly matters of local concern, thus requiring a Home Rule message (*see, Matter of Osborn v Cohen,* 272 NY 55, 60). The court also properly held that there was no logical rationale to deem such matters to be of State interest merely because they pertained to police officers.

We agree with the IAS Court that the statute would not result in peaceful labor negotiations, and that the ability of other municipalities to opt out of PERB prevents the stated legislative goal of uniformity.

We have considered appellants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Rubin, Nardelli and Williams, JJ. [*See,* 169 Misc 2d 566.]