Per Curiam.

In affirming final judgment of possession in favor of landlord we do not indorse the views expressed by the court below concerning constitutionality of the Rent Stabilization Law of 1969 (Local Law No. 16). It was unnecessary for the lower court to reach any constitutional question in order to determine the instant dispute. The case was presented on an agreed statement of facts and neither litigant raises any constitutional challenge to this new law.
The specific issue in this case is whether the new provision in this law (Administrative Code of City of New York, § YY51-6.0, subd. c, par. [9]), providing that an owner shall not refuse to renew a lease (except under certain circumstances not here applicable), shall be given retroactive effect. In the instant case, the landlord’s refusal to renew and the expiration of the old lease both occurred prior to the enactment and effective date of the Rent Stabilization Law of 1969 (Local Law No. 16).
A pre-existing right is not affected by legislation, unless legislative intent to the contrary is obvious, so that any doubt is to be resolved in favor of holding the subsequent statute to be prospective only (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 53).
The law provides that it ‘ ‘ shall take effect immediately. ’ ’ This particular subdivision is couched in future terms. Other subdivisions and selected features of the new law were expressly made retroactive (e.g., § YY51-6.0, subd. c, pars. [2], [3]; see, also, Code of the Real Estate Industry Stabilization Association of N. Y. City, Inc., § 10 [b], but the law omits any phrase indicative of retroactive intent with regjard to this subdivision.
*913 The legislative intent for prospective application only of this new requirement seems clear. Any doubt in that regard would have to be resolved in favor of prospective application.
The final judgment should be affirmed, but without costs.
Concur — • Quinn, J. P., Gold and Street, JJ.
Final judgment affirmed, etc.