Maurice Wahl, J.
The landlord instituted this proceeding against the tenant to evict by reason of tenant’s holding over in the premises. It appears that the following salient facts are not in dispute: namely, that a one-year lease between the parties of the decontrolled apartment expired April 30, 1968, and same was not renewed or extended, and that although a 30-day notice to increase the rent was served by landlord upon tenant to be effective February 1,1970, the landlord waived the increase and *954 agreed to accept and did receive the rental provided for in the expired lease. It appears also, without dispute, that landlord applied for and was granted an application to -subdivide the premises and have tenants vacate therefrom (see Matter of 239, 243 & 247 Corp. v. Gabel, 19 N Y 2d 558), and that thereupon the premises were altered and a new certificate was issued.
The following facts were conceded on the trial:
1. That a lease was entered into on April 8, 1967 between the parties for the term of one year commencing May 1,, 1967 and expiring April 30,1968, for apartment ID at premises 243 West 21-st Street, Borough of Manhattan, City of New York.
2. That the subject apartment was decontrolled by the City Bent and Behabilitation Administration.
3. That there was no renewal or extension of lease and tenant remained in possession of the apartment as a month-to-month tenant until such tenancy was terminated as hereinafter set forth.
4. That a 30-day notice of increase of rent with termination of tenancy was validly served upon the tenant, effective as of February 1, 1970.
5. That petitioner waived the demand for increase in rent and agreed to and did receive the rent provided for in the lease, and there is no issue raised as to the jurisdiction of this court.
6. That premises 239, 243 and -247 West 21st Street, New York City were old-law tenements constructed in 1884.
7. That the matter relating to petitioner’s application for orders of subdivision and vacating of tenants in the subject buildings was judicially determined. (See Matter of 239, 243 & 247 Corp. v. Gabel, 50 Misc 2d 164, revd. 26 A D 2d 411, revd. 19 NY 2d 558.)
8. That the date of completion of the alteration affecting 243 West 21st Street, New York City, was March 21, 1969, and that on March 24, 1969 the Department of Buildings, Borough of Manhattan, issued a certificate of occupancy bearing number 67265 for the entire building.
9. That tenant filed a complaint with the Appeals and Conciliation Board of the Beal Estate Industry Stabilization Association relating to petitioner’s demand for increased rent.
10. That petitioner is not a member of the Beal Estate Industry Stabilization Association.
11. That petitioner commenced a holdover proceeding against the tenant in February, 1970 pursuant to notice previously served upon the tenant.
The issue to be resolved by this court is whether petitioner, by virtue of having received a certificate of occupancy on March *955 24, 1969 is bound by the Bent Stabilization Law which became effective on or about May 6, 1969, and the Code of the Beal Estate Industry Stabilization Association of New York City which implements the law.
Petitioner relies upon the fact that by reason of section YY51.3-0 of the Administrative Code of the City of New York, which excludes buildings from the Bent Stabilization Law where a certificate of occupancy is obtained after March 10, 1969, that petitioner is not bound by the Bent Stabilization Law and the code which implements the law, and that the law does not affect these buildings.
Tenant contends that, pursuant to the code of the Association, and since the building was issued a temporary certificate of occupancy prior to March 10,1969, the subject building is under the Bent Stabilization Law and the code.
This court has had occasion to make comment upon the Bent Stabilization Law in the case of Fifty Cent. Park West Corp. v. Bastien (60 Misc 2d 195, affd. 64 Misc 2d 911). The court is called upon to determine what is the meaning of a temporary certificate of occupancy and the subsequent issuance of a certificate of occupancy by the Department of Buildings. Temporary means that which is to last for a limited time, for a time only. Temporary is the antithesis of permanent.
It appears from the evidence that petitioner received temporary certificates of occupancy for apartments that were created before completion of the entire building, in accordance with the provisions of former sections C26-182.0 and C26-183.0 of the Administrative Code of the City of New York. This evidence has not been controverted. The court finds that, upon completion of the entire building, the petitioner received a certificate of occupancy on March 24, 1969,. and consequently it is exempt from the provisions of the Bent Stabilization Law of 1969. In fact, the issuance of a certificate of occupancy on March 24,1969 was the ‘ ‘ initial ’ ’ certificate of occupancy which exempts these buildings from the effect of the Bent Stabilization Law of 1969 under which the code operates. The allegation of exemption from the Bent Stabilization Law has been proven.
The evidence in this proceeding preponderates in petitioner’s favor, and consequently final judgment of possession is awarded to tibe petitioner, with issuance of the warrant stayed up to and including May 31, 1970.