Maurice Wahl, J.
The landlord herein is the owner of a large apartment building located at 136 East 56th Street, Borough of Manhattan, City of New York. The landlord and the respondent entered into a written lease pursuant to which tenant rented apartment 2 L, for a term of three years, commencing February *30 1, 1967 and ending January 31, 1970. On November 24, 1969, tenant requested in writing a renewal of her lease of the apartment for a three-year period in accordance with the provisions of the new Bent Stabilization Law. (Administrative Code of City of New.York, § YY51-1.0 et seq.) By a letter dated December 1, 1969 landlord offered tenant a renewal lease. This letter» also provided that “ it will be necessary for you [the tenant] to come up to our office to sign it, as we will not send leases out for signatures.” On January 5, 1970 landlord sent respondent a second letter reminding tenant that a renewal lease was awaiting her signature in the landlord’s office and that it must be signed by January 15, 1970. The landlord testified through its main officer that his office is located one city block from the apartment occupiedVby respondent. As of January 31,1970, the date tenant’s lease expired, tenant had not signed the renewal lease. On February®, 1970, petitioner brought this proceeding to evict tenant as a holdover.
The respondent testified that she was at all times willing to execute the renewal/lease as offered, but was reluctant to go to petitioner’s office as she feared harassment and abuse at the hands of the landlord which she suffered on a prior occasion. On the other hand, even at the trial the petitioner insisted the lease must be signed at the landlord’s office, even after tenant offered in open court to execute the new lease.
Petitioner in its memorandum of law presents two legal arguments for the court’s consideration. The first point, discussed at length and well-researched, is that the Bent Stabilization Law of 1969 is unconstitutional and void, that there is no legal obligation for the landlord to offer this tenant any renewal lease. However, if landlord does choose to offer a new lease it may attach any condition it wants, since there is no regulation or law imposing restricting duties on the landlord.
Petitioner’s second point is that even if the Bent Stabilization Law were held to be constitutional, the offer made by the landlord to enter into a renewal lease conformed with the requirements of the Code of the Beal Estate Industry Stabilization Association, i.e., due notice requirements of section 60, and further, that since there is no provision in the Beal Estate Stabilization Law or code setting forth where a lease must be executed, the landlord’s office under the circumstances was a reasonable- and proper place. Therefore, petitioner concludes tenant’s failure to accept the offer according to its terms, resulted in the expiration of her term under the Bent Stabilization Law.
Tenant’s brief in rebutting petitioner’s second point claims: (a) that the landlord did not fulfill the notice requirements of *31 section 60 of the code for an offer of renewal; (b) that a renewal lease by implication under the code provisions is required to be mailed to a tenant since notice of expiration of a lease must be sent by mail; and (c) that the statute, and regulations are devoid of any authority giving petitioner the right to require tenant to appear at its office.
The corporate landlord in this holdover proceeding grounds its petition herein on the fact that as tenant’s lease has expired and since she has refused to vacate the demised premises, it is entitled to a judgment of eviction against the tenant.
The tenant’s answer invokes the protection of Local Law No. 16 of New York City, generally referred to as the Eent Stabilization Law of 1969; and she further alleges lack of jurisdiction, both as to person and subject matter.
There is no dispute that the demised premises are within the purview of this rent law. There is no real factual dispute at bar. Both sides are careless of this court’s time and both sides are imposing unnecessary expense upon the community. It would have' been a simple matter for the tenant to have signed, if proper, the proffered lease. It would not have imposed any great hardship to have met on neutral ground to do so, rather than waste time, effort and money. The political arguments of landlord concerning this law are better addressed to the legislative branch, then to the judiciary.
Nonetheless, a determination need be made herein. This court had previously expressed its opinion that this Local Law . No. 16 was invalid (Fifty Cent. Park West Corp. v. Bastien, 60 Misc 2d 195). Subsequently, there were diverse opinions at nisi prius, both sustaining and overruling this law. This court’s first contact with this law brought forth the invalidating opinion (Fifty Cent. Park West Corp. v. Bastien, supra).
The Appellate Division of this First Department has upheld this court’s reasoning in Bastien (supra) by reversing in 8200 Realty Corp. v. Lindsay (34 A D 2d 79). The Appellate Division reiterated each facet of this court’s previous opinion in Bastien (supra). However, the Appellate Division did stay execution of its mandate for 30 days to permit a review by the Court of Appeals.
This court is therefore of the opinion that during the stay period or such others as may be granted, that the status of tenants is protected -under the statute.
Under all emergency statutes, the pleading seeking the relief, e.g., the petition herein, must allege that the premises are under the emergency rent control law or under Local Law No. 16, and that under either law compliance therewith has been made.
*32 EJnder section 53 of part Y of the code under the Local Law No. 16, the eviction can only he maintained upon one of the grounds, vis-á-vis, (a) violation of tenancy; (h) nuisance; (c) subjecting the owner to criminal penalty; (d) illegal use; (e) refusal of access. None of these are alleged in the instant petition. That then leaves only the provisions of the Real Property Actions and Proceedings Law. While holdover is one of the grounds in the Real Property Actions and Proceedings Law, that statute must be read in pari materia with Local Law No. 16 of New York City. This requires that the petition must meet the jurisdictional requirements.
Local Law No. 16 and the code require an allegation that landlord is a member of the association; absence of such membership relegates the landlord to the emergency rent control law, which limits the eviction of a tenant under the emergency rent control law to specified grounds, upon a certificate issued by the Rent Commission, except for nonpayment of rent. That is not one of the grounds here alleged. The legislative scheme appears to impose control, even if the tenant does not sign the proffered lease either under Local Law No. 16 or the emergency rent control law.
Since this court’s determination herein that the petition herein is jurisdictionally defective, the Appellate Divisions of both the First and Second Departments have promulgated an amendment to the Rules of the Civil Court of the City of New York (22 NYCRR part 2900) effective immediately, viz., March 30, 1970.
Such requirement under section 711 of the Real Property Actions and Proceedings Law is that the petitioner show compliance with either Local Law No. 16, not here so alleged, or otherwise comply with existing laws or exemption.
It is therefore patent that the petition herein is defective. The promulgation of the amended rule is procedural, not substantive, and is applicable to this proceeding (Simonson v. International Bank, 14 N Y 2d 281). This opinion was revised to reflect the Appellate Division change of form of pleading, albeit that this court had already decided that this petition was defective for nonpleading of facts, bringing petitions within the ambit of either the control statutes, or pleading an exemption. No such showing having been made, the result is inevitable.
A careful review and rereading of Local Law No. 16 held invalid by the Appellate Division merely fortifies this court’s previous observation that this law is misconceived and impotent. If the landlord is not a member in good standing of the associa *33 tion, then it is placed in the class of the landlord owning controlled rent property. By such logic and reason, the tenant becomes a statutory tenant and cannot be compelled to sign the lease herein. (Vide N. Y. City Bent Begulations, § 52, subd. 4.) This law patently is frustrating, but its correction is with the Legislature, not the courts.
The petition is dismissed, without prejudice to renewal, upon a proper showing of compliance with the statute or ordinance.